UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TIMOTHY D. STAPP, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:21-CV-162-CLC-CRW |
| ELIZABETHTON POLICE DEPT., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Prisoner Timothy D. Stapp has filed a civil rights action for violation of 42 U.S.C. § 1983 [Doc. 1] unaccompanied by the filing fee or a proper application for leave to proceed *in forma pauperis*. On November 1, 2021, the Court notified Plaintiff of this deficiency and provided him thirty (30) days within which to pay the full filing fee or submit the necessary documents [Doc. 6]. On November 30, 2021, this Court received a letter in which Plaintiff complained that the inmate accounts officer at his facility would not notarize his inmate account form [Doc. 7]. In response, the Court issued an order iterating the filing requirements and noting that "Plaintiff has not submitted his *in forma pauperis* application, and he has not set forth any reason why he has failed to do so." (Doc. 8 at. 1.) Nonetheless, the Court extended the deadline to allow Plaintiff an additional fourteen (14) days within which to submit his application and certified account information or pay the filing fee. (*Id.*) That deadline has passed, and Plaintiff has not complied with the Court's order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v.*

*City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's order was due to Plaintiff's willfulness or fault. Plaintiff has chosen not to comply with, or even respond to, the Court's most recent order. Second, the Court finds that Plaintiff's failure to comply with the Court's orders has not prejudiced Defendants, as they have not yet been served. Third, the Court's orders expressly warned Plaintiff that a failure to timely submit the filing fee or an *in forma pauperis* application and a certified copy of his inmate trust account would result in the dismissal of this action. (Doc. 6 at. 1; Doc. 8 at. 2.) Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's *pro se* status

2

did not prevent him from complying with the Court's order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff will be **ASSESSED** the filing fee of $402.00 and this action will be **DISMISSED**. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $402.00 has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum Opinion and the accompanying order to the Court's financial deputy and the Whiteville Correctional Facility. This order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**